UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCRETIA D. HOLLIDAY,

          Plaintiff,

v.                                  Case No. 13-11062

WELLS FARGO BANK, NA,        HON. TERRENCE G. BERG
                                            HON. DAVID R. GRAND

          Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Wells Fargo Bank's March 8, 2013 motion to dismiss for failure to state a claim upon which relief can be granted. The parties have fully briefed the motion, and oral argument was heard on May 1, 2013.

For the reasons set forth below, it is ORDERED that Defendant's motion to dismiss (Dkt. 3) is GRANTED.

### I.    FACTUAL BACKGROUND

The facts provided in the complaint are less than complete, but relying upon the records attached to Defendant's motion, as the Court may, the following facts are clear.[1] Plaintiff Lucretia Holliday is a married woman who, in September 2006,

---

[1] As noted by the court in another case brought by Plaintiff's counsel,

> Plaintiff's complaint is incredibly sparse concerning the facts underlying this matter. Many of the facts the Court describes come from documents attached to Defendants' motion, which under the circumstances here are considered part of the pleadings the Court may consider on a motion to dismiss. "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais and Co., Inc.*, 108 F.3d. 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). In addition, on a motion to dismiss, a court may take into account matters of public record. *Doe v. SexSearch.com*, 551 F.3d 412, 416 (6th Cir. 2008).

granted a mortgage to Mortgage Electronic Registration Systems, Inc., "as security for a $360,000 loan secured to the real property located at 5269 Pond Bluff Drive, West Bloomfield, [Michigan]." (Def.'s Mot. Dismiss 1, Dkt. 3; Pl.'s Resp. 2, Dkt. 5; Notice of Removal, Ex. 2, Dkt. 1-3.) Plaintiff continues to reside in the home. (Compl. ¶ 7, Dkt. 1-2.)

Defendant "Wells Fargo Bank, NA, as certificate trustee (not in its individual capacity but solely as certificate trustee) in trust for registered Holders of VNT Trust Series 2010-1" eventually received the mortgage by a second assignment of mortgage recorded on December 27, 2011. (Def.'s Mot. Dismiss 1; Pl.'s Resp. 2.) In or before 2011, the mortgage went into default after Plaintiff failed to maintain the payments. (Def.'s Mot. Dismiss 1; Pl.'s Resp. 2.)

Plaintiff alleges that she "follow[ed] the statutory scheme of MCLA 600.3205c and contacted the Defendant . . . to obtain a Loan Modification." (Compl. ¶ 32.) Plaintiff further alleges that Defendant did not comply with 600.3205c by: (1) failing to send Plaintiff a "14 day letter with a copy of the program"; (2) failing "to complete the Loan Modification process and . . . apparently denied Plaintiff a Loan Modification"; and (3) failing to "send Plaintiff a denial letter with the calculations." (*Id.*) Defendant disputes Plaintiff's allegations, alleging that it provided Plaintiff with the "14 day letter," and that it could not complete the loan modification process

---

*Roller v. Federal Nat'l Mortg. Ass'n*, No. 12-CV-11236, 2012 WL 5828625, at *1 n.1 (E.D. Mich. June 4, 2012). To the extent the parties may have provided documentation that may not be considered under the 12(b)(6) standard, the Court has not considered that evidence and hereby excludes it from the record.

because Plaintiff failed to "complete a financial package" necessary for the process to move forward. (Def.'s Mot. Dismiss 2.)

"Ultimately, a Sheriff's Sale took place . . . on June 26, 2012[,] at which time Defendant purchased the property for $175,000." (Pl.'s Resp. 2, Ex. 4.) "The redemption period expired on December 26, 2012." (*Id.*) "On January 14, 2013, the Defendant filed a summons and complaint in the 48th District Court to seek possession of the premises. On January 30, 2013, Plaintiff filed this Complaint alleging the following four counts: (i) Quiet Title; (ii) Illegal Foreclosure by Advertisement; (iii) Lack of Capacity/Ownership/Privity; and (iv) Breach of M.C.L. 600.3205." (Def.'s Mot. Dismiss 2.)

## II.     LEGAL STANDARD

A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

3

"Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, and (3) documents that are a matter of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings).

### III.   ANALYSIS

Under the legal standards set forth above, Plaintiff has failed to state a claim upon which relief can be granted. All four counts of her complaint, and thus the entire matter, are therefore DISMISSED WITH PREJUDICE.

**A.   Count I: Quiet Title.**

Plaintiff's first Count is for quiet title. "To quiet title in [herself], plaintiff must prove that [s]he has an interest in the property that is superior to the title claims of all other persons with an interest." *Jenkins v. Wells Fargo Bank, N.A.*, No. 12-CV-

12278, 2012 WL 3030744, at *1 (E.D. Mich. July 25, 2012) (citing *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet County Rd. Comm'n*, 236 Mich. App. 546, 550 (1999)). "The nature of plaintiff's quiet title action is to attack the foreclosure by defendant and to determine title in the subject property." *Id.*

Here, Plaintiff has: (1) sufficiently identified the property at issue (Compl. ¶ 4); (2) claimed she holds a fee-simple title to the property (Compl. ¶ 5); (3) alleged that the Defendant has a fee-simple title (Compl. ¶ 29); (4) alleged that Defendant "failed to comply with MCLA 600.3205" (Compl. ¶ 9); (5) alleged that Defendant "failed to establish that it has followed the terms of the PSA[2] in that the closing date of the Trust was in 2010" (Compl. ¶ 15); (6) alleged that "the mortgage for the subject property transferred into the Trust . . . after the closing date which is a prerequisite to capacity" (Compl. ¶ 16); (7) alleged that Defendant "does not have the legal authority, ownership, capacity[,] or privity to maintain the subject property" (Compl. ¶ 17); (8) alleged that Plaintiff will be irreparably harmed if the Defendant's eviction action is allowed to go forward (Compl. ¶¶ 19, 20); (9) alleged that the Defendant has intentionally precluded the Plaintiff from keeping possession of her home and knew or should have known that the Plaintiff wanted to keep her home (Compl. ¶¶ 23–25); (10) alleged that "Defendant did undertake to foreclose on the subject property in violation of MCL 600.3204(3) and without

---

[2] Plaintiff does not identify what she means by "PSA." That paragraph of the Complaint cites to "Exhibit 2," which appears to be a copy of the mortgage, which is 22 pages long and does not obviously identify what "PSA" is. It may be that Plaintiff is referring to a "Pooling Services Agreement," but Plaintiff offers no specifics as to how such an agreement comes into play under the circumstances of this case, or what terms of that agreement were not followed. Plaintiff also does not explain how the fact that the trust allegedly "closed" in 2010 indicates that the terms of the "PSA" were not followed.

5

allowing Plaintiff to enter into a Loan Modification for the subject property in violation of MCLA 600.3205c" (Compl. ¶ 27); and (11) alleged that Defendant "failed to comply with MCLA 600.3205c" by failing to "complete the Loan Modification process" and failing to "send Plaintiff a denial letter with the calculations," despite the fact that "Plaintiff did follow the statutory scheme of MCLA 600.3205c" (Compl. ¶ 32).

Plaintiff has alleged that she holds a fee-simple title to the property (Compl. ¶ 5), but also alleges, perhaps contradictorily, that Defendant holds a fee-simple title to the property as well (Compl. ¶ 29). For Plaintiff to "prove that [s]he has an interest in the property that is superior to the title claims of" Defendant, she must show that the foreclosure and sheriff's sale were invalid—if they were not, Defendant's claim to the title would clearly be superior. *Jenkins*, 2012 WL 3030744, at *1.

Boiling it down, Plaintiff makes two central arguments as to why the foreclosure should be set aside: (1) Defendant did not have the authority or capacity to foreclose because the assignment of the mortgage to Defendant was invalid; and (2) Defendant failed to comply with Michigan Compiled Laws 600.3205c, and that failure should make the foreclosure invalid. Defendant argues that both of these grounds are insufficient to set aside the foreclosure, and this Court agrees.

For the reasons explained below, neither of these two central arguments allege the kind of fraud or irregularity that could support an equitable extension of the redemption period or otherwise attack the validity of the foreclosure. Below, the

Court will address Plaintiff's failure to adequately allege any fraud or irregularities in the foreclosure process, and will also discuss each of the two grounds Plaintiff advances to set aside the mortgage. The Court concludes that Plaintiff's grounds to set aside or invalidate the foreclosure must fail. Plaintiff cannot demonstrate a superior interest in the property or state a plausible basis for relief from the foreclosure of the mortgage. Plaintiff's quiet title action must therefore be dismissed. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1. Plaintiff has failed to sufficiently plead fraud or irregularity.

Michigan's redemption statute provides:

> Unless the premises described in [a foreclosure sale deed] shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named . . . all the right, title and interest which the mortgagor had at the time of the execution of the mortgage . . . .

Mich. Comp. Laws § 600.3236. When the redemption period ends, "all the right, title, and interest" that the mortgagor had at the time of the execution of the mortgage vests in the person who purchased the property at the sheriff's sale. *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942).

"A strict reading of the statute suggests that once the redemption period expires, the homeowner has no legal interest in the property that the litigation might vindicate." *El-Seblani v. Indymac Mortgage Servs.*, 510 F. App'x 425, 428 (6th Cir. 2013) (citing *Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 643 (Mich. 1993)). But "Michigan courts allow 'an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by

7

advertisement and posting of notice' in order to keep a plaintiff's suit viable, provided he makes 'a clear showing of fraud, or irregularity by the defendant.'" *Id.* (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)).

Thus, under the law of Michigan and this Circuit, because the foreclosure had completed and the redemption period had run, Plaintiff's claims cannot proceed unless she has met this "stringent" standard—a clear showing of "fraud or irregularity" related to the foreclosure procedure itself. *See El-Seblani*, 510 F. App'x at 429; *see also Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) ("A plaintiff mortgagor must meet this 'high standard' . . . to have a foreclosure set aside after the lapse of the statutory redemption period.").

Plaintiff has failed to make a clear showing of fraud or irregularity in connection with the foreclosure process itself. Indeed, her Complaint does not contain even an allegation of fraud. To the extent the Complaint contains allegations that hint at a claim of fraud, they fall well short of the pleading standards required under *Iqbal*. *See Smith v. Bank of Am. Corp.*, 485 F. App'x. 749, 753–54 (6th Cir. 2012); *Rugiero v. Flagstar Bank, FSB*, No. 11-CV-12312, 2013 WL 1316910, *9–10 (E.D. Mich. Mar. 29, 2013) (noting that Plaintiff's allegation of Defendant's failure to comply with the loan-modification statute is not a "fact suggesting fraud or irregularity," and that Plaintiff failed to plead a claim of fraud under Michigan law, which contains six elements). Further, unless the Court were to find that the allegation of Defendant's lack of authority to foreclose and the alleged violations of the loan modification statute rise to the level of "irregularities," Plaintiff's Complaint does not contain

8

allegations of "irregularities" in connection with the foreclosure either. Other Courts in this District have held that failure to comply with the loan modification statute is not an "irregularity." *See id.*; *Acheampong v. Bank of New York Mellon*, No. 12-CV-13223, 2013 WL 173472, *8 (E.D. Mich. Jan. 16, 2013). This Court finds that the Plaintiff's allegations of Defendant's lack of authority to foreclose due to a vaguely alleged invalid transfer is also insufficient to properly and sufficiently allege an "irregularity" related to the foreclosure procedure itself.

As the Court finds that the Plaintiff has not sufficiently alleged "fraud or irregularity" this could end the Court's inquiry, but the Court will also address Plaintiff's two alleged grounds for invalidating the foreclosure.

2. Defendant had the authority and capacity to foreclose.

Plaintiff claims that Defendant lacked the authority or capacity to foreclose on the property in accordance with Michigan Compiled Laws § 600.3204 because "the assignment of the mortgage is invalid because it was part of a trust which closed after the date of the assignment." (Pl.'s Resp. 12.)

Plaintiff argues that Defendant did not have a right to foreclose under section 3204(3), which provides that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." Here, Wells Fargo was not the original mortgagee but later became the mortgagee on December 12, 2011, and that assignment was recorded on December 27, 2011. (Compl. ¶ 13, Ex. 2; Def.'s Mot. Dismiss, Ex. 3.) As

the sheriff's sale occurred on June 26, 2012 (Compl. Ex. 2), a record chain of title existed before the date of sale and Wells Fargo complied with the terms of section 3204(3). For these reasons, Plaintiff's argument under section 3204(3) fails.

Plaintiff also argues that the foreclosure and sheriff's sale are void under section 3204(1) because Defendant, according to the Plaintiff, was not "the owner of the debt or an interest in the mortgage, or the servicing agent." (Pl.'s Resp. 14.) Plaintiff relies on *Davenport v. HSBC Bank USA*, 275 Mich. App. 344 (2007) for the proposition that "such defects within the foreclosure process are considered structural defects which render the foreclosure absolutely void." (Pl.'s Resp. 16.) But that holding from *Davenport* was abrogated by *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329 (Mich. 2012). The current case law provides that defects under section 3204 are only actionable on a showing of prejudice—that such defects make the foreclosure merely voidable rather than void *ab initio*. *See Kim*, 825 N.W.2d at 337.

The Sixth Circuit Court of Appeals has recently rejected a similar argument to the one Plaintiff makes here. In *Conlin* the Court held that even had the assignment to the foreclosing bank been invalid, thereby creating a defect in the foreclosure process under section 3204(1)(d), the plaintiff still would not have been able to show sufficient prejudice. *See Conlin*, 714 F.3d at 361–62. The Court reasoned that the plaintiff there had not shown that he would: (1) be subject to liability to anyone other than the foreclosing bank; (2) have been in any better position to keep the property absent the defect; and (3) be prejudiced in any other

10

way. *Id.* at 362. This is also the case for the Plaintiff here—she has not shown that she would be subject to liability to anyone else, that she would be in a better position to keep the property absent the defect, or that she would be prejudiced in any other way.

Plaintiff argues that she should not be required to have established prejudice at this early stage of the litigation. (Pl.'s Resp. 17.) But it is not a lack of proof that prevents Plaintiff from establishing prejudice, it is that the claims she makes do not allege that any prejudice results from the violation. Plaintiff has not alleged prejudice resulting from the alleged violation of 3204(1), and she essentially *cannot* establish prejudice as a result of the trust's alleged incapacity to accept the assignment of the mortgage. The only possible prejudice from this alleged violation is that she would be subject to collection of the debt from multiple parties, a circumstance that has not been mentioned as even a possibility, and one that is difficult to imagine happening given that the mortgage was assigned to the Defendant and that assignment was recorded.

Moreover, the Court in *Conlin* further held that the plaintiff "also failed to make the clear showing of fraud in the foreclosure process required to challenge the foreclosure after the expiration of the six-month redemption period." *Id.* at 362 (citing *Sweet Air Inv. v. Kenney*, 739 N.W.2d 656, 662 (Mich. Ct. App. 2007)) ("rejecting a claim of foreclosure-defect prejudice where the party seeking the set-aside was 'not timely in challenging the validity of the foreclosure sale . . . [and] made no effort to redeem.'"). Here, just as in *Conlin*, the Plaintiff's wrongful

11

foreclosure claim based on an alleged invalid assignment fails because the statutory redemption period has lapsed and the plaintiff cannot show prejudice.

       3. Defendant's alleged failure to comply with Michigan Compiled Laws 600.3205c is not fraud or irregularity sufficient to invalidate the foreclosure.

Plaintiff is asking this Court to convert an already completed foreclosure by advertisement into a judicial foreclosure. This relief is not provided for by the applicable statute, thus Plaintiff's claims as to the Defendant's alleged violation of section 3205c necessarily fail.

The sole remedy for a violation of section 3205c is conversion of a foreclosure by advertisement into a judicial foreclosure. *See Smith v. Bank of Am. Corp.*, 485 F. App'x. 749, 756 (6th Cir. 2012) (finding that "[Plaintiffs] appear to have missed the boat regarding the applicability of this statute which, when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert."); *see also Steinberg v. Federal Home Loan Mtg. Corp.*, 901 F. Supp. 2d 945, 953 (E.D. Mich. 2012) ("The appropriate remedy for a violation of the [loan modification] statute would be to ask that the foreclosure by advertisement be converted into a judicial foreclosure. The property has already been foreclosed and the redemption period expired. Such relief is no longer available."); *Adams v. Wells Fargo Bank*, No. 11-CV-10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) (Section 600.3205c "allows specified borrowers to convert a foreclosure by advertisement to a judicial foreclosure; it does not allow those

borrowers to avoid foreclosure altogether or set aside a completed foreclosure."). As there is no pending foreclosure to convert into a judicial proceeding, Plaintiff's claim necessarily fails.[3]

Nor would the alleged violation of the modification law be an "irregularity" sufficient to set aside a foreclosure after the expiration of the redemption period. *See Acheampong v. Bank of New York Mellon*, No. 12-13223, 2013 WL 173472, at *7–8 (E.D. Mich. Jan. 16, 2013). Just as in *Acheampong*,

> plaintiff says that *Mitan* makes clear that "a lender's failure to properly evaluate a borrower for a loan modification pursuant to Michigan statutes causes prejudice to the borrower because it deprives [him of] the opportunity to avoid foreclosure." Plaintiff's argument has no merit. First, plaintiff makes little more than a conclusory allegation that he would have been in a better position to preserve his interest in the property absent defendant's alleged noncompliance with the loan modification statute. Second, a breach of the loan modification statute does not preclude the bank from foreclosing. Rather, it gives the plaintiff an option to convert a foreclosure by advertisement proceeding to a judicial foreclosure. Thus, a violation of the loan modification statute, standing alone, is not enough to show fraud or irregularity.

*Id.*

Plaintiff is unable to meet the high burden of showing fraud or irregularity in the foreclosure necessary to set aside the foreclosure following the expiration of the redemption period. In the absence of an allegation of fraud or irregularity, there is

---

[3] Plaintiff cites *Roller v. Federal Nat'l Mortg. Ass'n*, No. 12-CV-11236, 2012 WL 5828625 (E.D. Mich. June 4, 2012), in support of her argument that the claim should survive because she should not be required to establish prejudice at this early stage of the litigation. (Pl.'s Resp. 12.) But that argument is misplaced as to this claim. As discussed above, the only remedy for a breach of section 600.3205c is conversion of the foreclosure by advertisement to a judicial foreclosure. But the time for that has passed and showing prejudice cannot change that.

The cases that discuss the circumstances under which establishing prejudice is relevant to a claim largely deal with notice failures or violations of sections 600.3204 or .3208. *See, e.g.*, *Conlin*, 714 F.3d at 361–62; *Kim*, 825 N.W.2d at 337 (citing cases). Plaintiff has not provided a convincing argument for why prejudice is relevant to a violation of section 600.3205c, where the plain language of the statute provides only one remedy—conversion to a judicial foreclosure.

no plausible claim that could support setting aside the foreclosure, and no facts have been offered by plaintiff in support of such a claim. Accordingly, as to the quiet title claim, Plaintiff has failed to state a claim upon which relief can be granted.

### B.     Count II: Illegal Foreclosure By Advertisement.

Plaintiff's second Count is for "illegal foreclosure by advertisement," and is essentially a restatement of one of the grounds under the first count, i.e., that Defendant lacked the authority or capacity to foreclose on the property in accordance with Michigan Compiled Laws § 600.3204 because "the assignment of the mortgage is invalid because it was part of a trust which closed after the date of the assignment." (Pl.'s Resp. 12.) This attack on the foreclosure was fully addressed above, and the Court finds that Plaintiff's second count is dismissed for the reasons set forth in subsections A(1) and (2).

### C.     Count III: Lack of Capacity/Ownership.

Plaintiff's third Count is for "lack of capacity/ownership," and is essentially a restatement of one of the grounds under the first and second counts, i.e., that Defendant lacked the authority or capacity to foreclose on the property in accordance with Michigan Compiled Laws § 600.3204 because "the assignment of the mortgage is invalid because it was part of a trust which closed after the date of the assignment." (Pl.'s Resp. 12.) This attack on the foreclosure was fully addressed above, and the Court finds that Plaintiff's third count is dismissed for the reasons set forth in subsections A(1) and (2).

**D.      Count IV: Breach of Michigan Compiled Laws § 600.3205.**

Plaintiff's fourth Count is for breach of Michigan Compiled Laws § 600.3205, and is essentially a restatement of one of the grounds under the first count, i.e., that Defendant failed to comply with section 3205c. This attack on the foreclosure was fully addressed above, and the Court finds that Plaintiff's fourth count is dismissed for the reasons set forth in subsections A(1) and (3).

## CONCLUSION

Accordingly, it is ORDERED that Defendant's motion to dismiss (Dkt. 3) is GRANTED, and all four counts of Plaintiff's complaint, and thus the entire matter, are DISMISSED WITH PREJUDICE.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated:  July 26, 2013

### Certificate of Service

I hereby certify that this Order was electronically submitted on July 26, 2013, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb<br>
Case Manager