UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCRETIA D. HOLLIDAY,

        Plaintiff,

v.                                    Case No. 13-11062

WELLS FARGO BANK, NA,        HON. TERRENCE G. BERG
                                           HON. DAVID R. GRAND

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the Court on Plaintiff Lucretia Holliday's August 9, 2013 motion for reconsideration of the Court's July 26 Order (Dkt. 8) granting Defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

For the reasons set forth below, it is ORDERED that Plaintiff's motion for reconsideration (Dkt. 9) is DENIED.

I.        ANALYSIS

The Court may grant a motion for reconsideration if the movant satisfactorily shows: (1) the existence of a palpable defect that misled the parties and the Court; and (2) the correction of which would result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." *Olson v. Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). Further, the Court will not grant a motion for reconsideration

"that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

Plaintiff's motion for reconsideration does not offer any new issues, authority, or argument—it merely restates the arguments presented in Plaintiff's response to the motion to dismiss—and must therefore be denied. Contrary to Plaintiff's argument in her motion, this Court explicitly considered and cited the *Roller* and *Mitan* decisions. *Roller* was addressed at length in the Court's July 26 Order. *See* Dkt. 8 at 12–13, n.3.[1] While the *Mitan* case was not discussed in detail in the Order, it too was referenced and appropriately applied in the Court's Order. *See* Dkt. 8 at 13.[2]

Accordingly, it is ORDERED that Plaintiff's motion for reconsideration (Dkt. 9) is DENIED.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: August 14, 2013

---

[1] It is important to note that the *Roller* decision Plaintiff relies upon (a) is not binding precedent, and (b) was issued before the Sixth Circuit's decision in *Smith v. Bank of Am. Corp.*, 485 F. App'x 749 (6th Cir. 2012). *See, e.g*, Dkt. 8 at 12–13.

[2] Plaintiff's statement that *Mitan* held that "a MCLA 600.3205c violation may result in the voidance of the foreclosure by advertisement" is dubious. The distinction may be a fine one, but it is more accurate to state that *Mitan* held that a violation of section 600.3204(4) would make the foreclosure void. *See Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949, 952–53 (6th Cir. 2012). That holding, however, was abrogated by *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329 (Mich. 2012). *See, e.g.*, *Mourad v. Homeward Residential, Inc.*, No. 12-1880, 2013 WL 870205, at *7 (6th Cir. Mar. 8, 2013). Nevertheless, while Plaintiff argued in her response to Defendant's motion to dismiss that she was in effect alleging a violation of section 3204(4) when she alleged a violation of 3205c, she did not in fact allege a 3204(4) violation in her complaint.

In *Acheampong v. Bank of New York Mellon*, No. 12-13223, 2013 WL 173472 (E.D. Mich. Jan. 16, 2013), the Honorable Judge Avern Cohn ordered supplemental briefing specifically to address the apparent conflict between (a) the holding from *Smith* that the only remedy for a 3205c violation is conversion of the foreclosure by advertisement into a judicial foreclosure and (b) the holding from *Mitan* that a violation of 3204(4) makes the foreclosure void. As explained in the July 26 Order, this Court agrees with Judge Cohn as to the proper resolution of that question. *See* Dkt. 8 at 13. Regardless of whether the alleged violation was one of 3205c or 3204(4), Plaintiff failed to plead fraud or irregularity as necessary.

**Certificate of Service**

I hereby certify that this Order was electronically submitted on August 14, 2013, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
Case Manager
